UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND, THE CARPENTER CONTRACTOR
ALLIANCE OF METROPOLITAN NEW
YORK, *and* NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,

                Petitioners,

– *against* –

PROVIDENCE CONSTRUCTION CORP.,

                Respondent.

**OPINION & ORDER**

22-cv-04078 (ER)

---

RAMOS, D.J.:

    Petitioners filed this action under section 301 of the Labor Management Relations Act of 1947 (LMRA) to confirm an arbitration award against Providence Construction Corp. The petition is GRANTED.

**I.   BACKGROUND**

    The facts below are taken from the petition to confirm arbitration and the attached documents. Doc. 1.

    **A. The Parties**

    Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 (ERISA). *Id.* ¶ 4. Trustees of the New York

City Carpenters Relief and Charity Fund are trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code.  *Id.* ¶ 5.  Carpenter Contractor Alliance of Metropolitan New York is a New York not-for-profit corporation.  *Id.* ¶ 6.  The Court follows the petition in referring to these three petitioners collectively as "the Funds."  *See id.* at 1.  The fourth petitioner, New York City District Council of Carpenters (the Union), is a labor organization and is the certified bargaining representative for certain employees of Providence.  *Id.* ¶ 7.

Providence is a New York corporation.  *Id.* ¶ 8.  Petitioners assert that Providence was an employer within the meaning of section 3(5) of ERISA and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA.  *Id.*

### B.  The Collective Bargaining Agreement

At all relevant times, Providence was a member of the General Contractors Association of New York (the Association).  *Id.* ¶ 9.  As a member of the Association, Providence consented to be bound by the collective bargaining agreement (CBA) between the Association and the Union.  *Id.* ¶ 10.

The CBA requires Providence to make contributions to the Funds for each hour worked by its employees within the trade and geographic jurisdiction covered by the CBA.  *Id.* ¶ 12; *see* Doc. 1-2 at 35–36.  The CBA also binds employers to certain policies adopted by the Funds, including the Funds' Revised Statement of Policy for Collection of Employer Contributions (the Collection Policy).  Doc. 1 ¶¶ 13–14; *see* Doc. 1-2 at 35–36; Doc. 1-8.  Under the CBA and the Collection Policy, Providence must furnish its books and payroll records when requested by the Funds to conduct an audit to ensure compliance with required benefit fund contributions.  Doc. 1 ¶ 15; *see* Doc. 1-2 at 40; Doc. 1-8 at 4–7.

The CBA includes an arbitration provision that states:  "Should any dispute or disagreement arise between the parties hereto, or between the Union and/or the Union Benefit Funds and any Employer-member signatory hereto, concerning any claim arising

2

from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute . . . ." Doc. 1-2 at 43. "The arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to award appropriate damages." *Id.*

If arbitration proceedings are initiated under the CBA "to collect delinquent contributions to a Benefit Fund or Funds," the arbitrator "shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under the Agreement and Declaration of Trust establishing such Fund(s)." *Id.* at 40. In addition to the unpaid contributions, the CBA and the Collection Policy allow the Funds to collect: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorney fees incurred by the Funds in collecting the unpaid contributions. Doc. 1 ¶ 18; *see* Doc. 1-2 at 39–40; Doc. 1-8 at 8–9.

### C. The Arbitration Award

Petitioners conducted an audit of Providence covering the period October 1, 2018, through March 21, 2021. Doc. 1 ¶ 20. The audit revealed a principal deficiency of $422.16. *Id.* ¶ 21. Petitioners also discovered that Providence had failed to remit additional contributions in the amount of $11,197.10. *Id.* ¶ 22. Providence failed to pay those amounts. *Id.* ¶ 23.

Petitioners initiated arbitration pursuant to the CBA. *Id.* ¶ 24. The hearing was held on January 19, 2022. *Id.* ¶ 26; *see* Doc. 1-11 at 2. Providence did not appear. Doc. 1-11 at 2. The arbitrator issued an award on March 2, 2022. Doc. 1 ¶ 27; *see* Doc. 1-11.

The arbitrator concluded that Providence was "deficient and delinquent in remitting fringe benefit contribution[s] to the Funds." Doc. 1-11 at 3. The arbitrator ordered Providence to pay the Funds a total of $27,467.97, consisting of: (1) the principal deficiency of $422.16; (2) interest thereon of $32.17; (3) liquidated damages of $84.43; (4) audit costs of $4,180; (5) late payment interest of $8,649.71; (6) promotional

fund costs of $2.40; (7) additional shortages of $11,197.10; (8) court costs of $400; (9) attorney fees of $1,500; and (10) arbitrator fees of $1,000.  Doc. 1 ¶ 28; *see* Doc. 1-11 at 3.

### D. This Action

As of May 18, 2022, Providence had not paid any part of the arbitration award. Doc. 1 ¶ 29.  On that date, Petitioners commenced this action to confirm the award.  Doc. 1.  Providence was served on May 20 but did not appear.  Doc. 7.  On June 24, the Court ordered Providence to show cause why the petition should not be considered unopposed. Doc. 9.  Providence failed to respond to that order.  Accordingly, the Court will treat the petition as unopposed.

## II. LEGAL STANDARD

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted).  The Second Circuit has recognized that "an extremely deferential standard of review for arbitral awards" is appropriate "[t]o encourage and support the use of arbitration by consenting parties."  *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  *D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citation omitted).  "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  *Id.* (internal quotation marks and citation omitted).

An unanswered petition to confirm an arbitration award is generally treated as "an unopposed motion for summary judgment."  *Id.*  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant

4

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine dispute of material fact where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *McKinney v. City of Middletown*, 49 F.4th 730, 737 (2d Cir. 2022) (citation omitted). The court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation omitted).

Even if a motion for summary judgment is unopposed, the court is required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). In other words, the court may not grant an unopposed summary judgment motion "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## III.  DISCUSSION

The Court finds that there is sufficient justification for this award. The CBA provides for arbitration as an available remedy "to collect delinquent contributions to a Benefit Fund or Funds." Doc. 1-2 at 40. It also states that the arbitrator "shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under the Agreement and Declaration of Trust establishing such Fund(s)." *Id.*

In this case, the arbitrator concluded that there was "substantial and credible evidence" that Providence was "deficient and delinquent in remitting fringe benefit contribution[s] to the Funds." Doc. 1-11 at 3. Consistent with the CBA and the Collection Policy, the arbitrator ordered Providence to pay the Funds a total of $27,467.97. *Id.* "Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a

court must confirm the award upon the timely application of any party." *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

The Court also finds that an award of attorney fees and costs is appropriate. Providence has not appeared in this case and has not attempted to modify or vacate the award. Courts "have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)).

Counsel for Petitioners—Virginia & Ambinder, LLP—billed at a rate of $275 per hour for associate Maura Moosnick and $120 per hour for two legal assistants. Doc. 1 ¶¶ 36–37; *see* Doc. 1-12. The Court finds these rates reasonable. *See, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Franco's Blinds & Shades Inc.*, No. 23 Civ. 5884 (JGLC), 2024 WL 3228162, at *4–5 (S.D.N.Y. June 28, 2024) (awarding $275 hourly rate for Moosnick and $155 hourly rate for legal assistants). The Court concludes that the time billed on this action—twelve hours—was reasonable as well. Doc. 1 ¶ 39; *see, e.g.*, *Trustees of N. Atl. States Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Dame Contracting, Inc.*, No. 23 Civ. 05254 (NJC) (JMW), 2024 WL 2293831, at *7 (E.D.N.Y. May 21, 2024) (finding that 12.7 hours was reasonable in similar case). And the Court will grant the $77 in service fees and legal costs requested by Petitioners. Doc. 1 ¶ 40; *see, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Blue Moon Health Mgmt. LLC*, No. 22 Civ. 1807 (KPF), 2022 WL 16578119, at *8 (S.D.N.Y. Oct. 31, 2022) (finding request for $77 in costs to be reasonable).

Finally, the Court grants postjudgment interest on the award pursuant to 28 U.S.C. § 1961. *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

## IV.  CONCLUSION

For the foregoing reasons, the petition to confirm the award is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioners in the amount of $29,635.97, consisting of: (i) the arbitration award of $27,467.97; (ii) $2,091 in attorney fees; and (iii) $77 in costs. Postjudgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961. The Clerk of Court is also respectfully directed to close the case.

It is SO ORDERED.

Dated:  August 19, 2024
        New York, New York

                                                            _____
                                                            EDGARDO RAMOS, U.S.D.J.